Good morning. We'll hear from counsel. Good morning. Mr. Richman. Thank you, your honor. May it please the court. My name is Robert Richman. I represent... Are you saying that we note that you were appointed under the Criminal Justice Act? Yes. And the court wants you to know that we deeply appreciate your willingness to accept the assignment. Thank you, your honor. I represent Richard Oslund, who is serving a life sentence for an offense that, as everyone agrees, the maximum statutory penalty is 10 years. The district court found that Mr. Oslund had raised a valid Johnson claim, but denied relief, citing the concurrent sentence doctrine, pointing to the fact that Mr. Oslund was serving a, not a concurrent, but a consecutive life sentence. It's our position that the district court erred by applying the concurrent sentence doctrine. Under that doctrine, the burden is on the government to establish that there is no reasonable possibility that the defendant will be prejudiced by the unreviewed illegal sentence. In this case, there were, the government failed to make any showing whatsoever, and there was no record before the district court on which it could rely on the concurrent sentence doctrine. Well, the district court says there's extensive evidence in the record. Well... You know, on page 13, what the district court says. Go ahead. Well, the district court, in addressing the issue of cause and prejudice, found that the three counts of conviction were interrelated. They all arose from the same episode, a robbery, murder, with possession of a firearm. And the district court found, as a fact, that there was a fair chance and a reasonable possibility that Mr. Oslund's overall sentence would have been lower had he not been sentenced as an armed career criminal. That finding, in and of itself, is sufficient to defeat the concurrent sentence doctrine. Is that finding consistent with our holding in the direct appeal in this case? I think it is, Your Honor, because the direct appeal addressed a different issue. The direct appeal raised the Booker issue of whether the district court would have imposed a different sentence had it been aware that the guidelines were advisory, not mandatory. But the court was contemplating a situation where the statutory maximum for count three, the gun count, would still be life under the armed career criminal statute. The guidelines would still be life for that count, but the only difference would be that the guideline was now advisory, not mandatory. And in that situation, the court said, relying on some of the comments that Judge Rosenbaum had made, that there would have been no difference and so a remand was not required. Now we have a situation where the maximum statutory penalty is no longer life, it's 10 years. The guideline range is no longer life, it's 30 years, and the guidelines are advisory. Now, the comments that Judge Rosenbaum made, basically advocating a life sentence, were made in the context of a guideline range that was presumptively correct at the time, pre-Booker, that told him that the appropriate sentence for the gun was life. What comments would he have made had he been told that the appropriate sentence for the gun was 10 years? We don't know. And so it's our position that this court's conclusion on direct appeal, that the error, the Booker error, was harmless. Everything about sentencing has now changed. And so Judge Thunheim's finding that because these counts were interrelated, the armed career criminal sentence would have affected the sentence on the remaining counts, resulting in at least the possibility, a reasonable possibility in the judge's words, of an overall lower sentence defeats application of the concurrent sentence doctrine. Now, the government has raised an issue as to whether this is actually a Johnson claim. Their position is that because the offense in question is a burglary, Judge Rosenbaum could have found Mr. Oslund as a armed career criminal based on the enumerated offense clause. And this court last month in Walker versus the United States has now said that in a situation like ours where the record is silent, the district court is to look at the background legal to make a determination of whether the court relied on the enumerated offense clause or the residual clause. In this case, admittedly, the district court, which made its decision pre-Walker, did not do that analysis. There might be other things to consult than the background legal environment. For instance, there might be something in the actual sentencing transcript, or there might be something in the PSR. Yes, that's true. In this case, there isn't. In this case, the record is silent. No one raised the issue. I was counsel in the district court back in 2004. The issue was never raised. However, if we now look at what the legal environment was in that burglary is a violent felony under the residual clause. It had never held that it was an offense, I'm sorry, a violent felony as a generic burglary under Taylor. The court had never made that analysis. And it wasn't until the MacArthur case in 2015 when this court for the first time, post Johnson, no longer being able to rely on the residual clause, made a determination that the Minnesota burglary statute was overbroad and was too broad to be generic burglary. So if in 2004, Judge Rosenbaum had looked at that legal environment, he would have found numerous cases saying that burglary satisfied the residual clause. So basically, the question is whether he would have relied on those cases or whether instead he would have decided to ignore that case law, make a finding of first impression as to whether burglary satisfies Taylor generic burglary. He would have been required to look at the statute to determine whether burglary under the statute meets the generic definition of burglary under Taylor. He would have determined that the statute was overbroad. He would have had to make that determination without any briefing from the parties. Are you saying that the legal environment here is so clear that there's no need for a remand? That's our position, Your Honor. In other words, if the district court held otherwise, it would be clearly erroneous. That is exactly my position, Your Honor, that the legal environment here and that was Judge Kelly argued in dissent. But the court said that remanded it anyway. That's true. I should also different. You see what I'm saying? If it was it was appropriate to do it in Walker, why is it not appropriate to do it here? Your Honor, I it's I think that if the court were to follow Walker to the letter, then I would agree that a remand is required. However, if the court determines that a remand to resolve this issue is required, I think that it would still be necessary for the court to make a determination on the merits as the issues would have to be decided sort of as preliminary. Correct. I mean, the difference with Walker is that in Walker, the court found that the district court found that the enumerated offense a clause applied and the Eighth Circuit said our later decisions under Naylor show that that's incorrect. And so there was no longer a basis to deny the 2255. And so in this case, the court would have to make a determination if the court agrees with my argument that the concurrent issue of the legal environment. Why wouldn't why wouldn't the consecutive Senate's doctrine apply here? Well, for the reasons that I've said, Your Honor, that the that the government has not met its burden of establishing that burden's not on the government. What's what are the what are the consequences that would prohibit the application of the doctrine? They're twofold. First, the fact as Judge Thunheim found as a fact that the armed career criminal sentence affected the sentences on the other counts. That's number one. Number two, the fact that two consecutive life sentences affects Mr. Oslin's conditions of confinement and security designation within the Bureau of Prisons. And about the possibility of commutation or executive. That was also something that I've argued in my brief, Your Honor. Under the Obama administration, there were over 500 people serving life sentences whose sentences were commuted. There is no question that a court looking at Mr. Oslin's case for the possibility of executive clemency would view two consecutive life sentences in a more severe way, a harsher way than a single life sentence or a sentence less than life. So assuming that, well, what you say is we have to decide the substantive issues whether we remand or not. Correct. What relief would you like in the event we find that the court erred in applying this doctrine? Your Honor, the relief that we're seeking is to reverse the decision of the district court and remand for resentencing on all three counts. You don't want a sentence just simply vacated instead of with the direction to vacate? No, Your Honor, because under the sentencing package doctrine and the court's finding that the sentences were interrelated, it's our position that the appropriate relief would be a de novo resentencing on all three counts. Unless there are further questions, I'll reserve the remainder of my time. Very well. Thank you. We'll hear from counsel for the government. Ms. Kirkpatrick, you may proceed. Thank you. May it please the court. Counsel, there's several points I'd like to make here today and I hope I can get to them, but I would like to start with where the district court should have started and that's with the court authorizing the defendant to file a successive 2255. But that determination was only a preliminary finding based on a prima facie standard that there was possible merit to the defendant's motion. And it specifically held in its order authorizing the successive motion that it could not, this court could not determine within the strict time constraints imposed by felony based on the enumerated offenses clause or based on the residual clause because only a residual clause claim satisfies 2255 H2. The district court, I believe clearly misapprehended the significance of this court's order. It stated at page three of its memorandum opinion in order that this court held that the defendant's motion in fact contained a new rule of constitutional law made retroactively applicable by the Supreme Court. But that's not what this court held. This court said there was possible merit. It couldn't determine which was the basis. And the defendant cannot satisfy 2255 H2. This court has repeatedly cautioned district courts that they are not to defer to this court's preliminary authorization. They need to conduct a de novo assessment and determine for itself whether 2255 H2 is satisfied. And unless it's satisfied, the district court had no jurisdiction to go beyond that preliminary, that determination that the gatekeeping requirements were met. If the gatekeeping requirements aren't met, the district court is obligated to dismiss the motion. There's no jurisdiction to bypass 2255 H2. And that's what the district court did here. It assumed based on this court's authorization, there was jurisdiction to consider the merits, but then opted against considering the merits and applied the concurrent sentence doctrine. And in Walker, at the time the parties briefed this case, both in front of the district court as well as in front of this court, there was a split in the circuit as to who bore the burden to prove residual clause error and what that burden looked like. After the party's filing, this court resolved that issue within the eighth circuit and said that the defendant bears the burden. The defendant has to show by preponderance of the evidence that the residual clause led the district court to apply the Armed Career Criminal Act enhancement. And it specifically stated that silence as to the basis for the enhancement wouldn't suffice. It stated that the argument that there was no reason to challenge burglary as enumerated offense clause when the existence of the residual clause functioning as a catch-all provision provided no incentive to challenge it. It held that that wasn't enough. But those are precisely the things the defendant argued here. The burden issue was directly presented to the defendant from the government's initial filing in this case. And at each step, all the defendant did is point to silence in the record, point to the fact that why would he challenge burglary as an when the residual clause existed. So this isn't a case where remand for determination on that issue would be warranted. It's simply a case of the defendant not carrying his burden. Well, counsel, don't we have to, you're relying entirely on Walker. Under Walker, don't we have to have findings of fact by the district court? Isn't that the real point of Walker? The point of Walker is that when there is nothing else in the record to support which way, what the court relied on, that it is a historical fact that should be decided in the first instance by the district court. And certainly this court could reverse and remand with direction to make factual findings on that point. But I have a couple of points, Your Honors, that the Seventh Circuit did this in the Holt case, which is cited in our case. The defendant there attempted to do what the defendant here is attempting to do. Look at burglary. And in the Holt case, it was Illinois burglary. Let's look at burglary from the current standpoint. From the current standpoint, we know it doesn't satisfy Mathis. Therefore, it has to be kicked into the residual clause bucket. Holt said, no, that's not what we do. Burglary is listed. Burglary is a enumerated offense. It is not a residual clause offense. And there really is no question if you look at this court's case law, especially the MacArthur decisions, MacArthur 1 and MacArthur 2, there's no question that the parties treated burglary as an enumerated offense. It just simply hadn't been in dispute. And I didn't cite a case in the brief, but in preparation for oral argument, I do have a case that illustrates that. And that's one of the DeRue cases, which is that 223F3, 919. That's a 2000 case. And it does exactly what the parties used to do back when burglary used to be burglary. Could you submit that to us in a 28-J letter, or will you? I will. Is it an Eighth Circuit case? It is an Eighth Circuit case, and it is a 2255 decision. And what it does is simply says that burglary is a violent felony because it's listed. That was the extent of the analysis in 2004, before DeCamps, before Johnson, before Mathis. And we know that burglary no longer, under Minnesota law, is no longer a violent felony based on Mathis. That's what this court held, and there's no question that Mathis does not support a 2255 successive motion. Is our court's September 14, 2018 decision in Martin v. United States relevant to this case? It's relevant on this last point, Your Honor, that there's no question that a Mathis-based claim would not satisfy the gatekeeping provisions of 2255H2. And because burglary is listed, because the MacArthur opinion already shows that it was treated as generic burglary throughout the court's precedent, throughout the party's practice, there's no reason to remand for factual findings in this case. And I will also note... Counsel, the factual question is whether the residual clause provided the basis for an ACC enhancement. That's a factual question. Sounds like a legal point, but it's a factual. It is. And it says it's for the district court. Ordinarily, it is, Your Honor. Well, now wait. There's no ordinarily in the sentence I just read to you, in fairness. Go ahead. There are many circumstances where this court doesn't remand despite... For example, in the guidelines context. And let's just, for example, take obstruction of justice enhancements. This court and the Supreme Court has said that ordinarily specific factual findings are necessary. But this court routinely affirms, despite the absence of specific factual findings, when the record leaves only one conclusion. And that one conclusion here is that burglary was burglary in 2004. And so it would be futile and a waste of resources, in the government's opinion, to remand for that particular factual finding. The contrary finding would be clearly erroneous. It would be. So there's no need to send it back for that. It's a much more simpler way to state it, Your Honor, but that is... Counsel agrees with that, but he says it's obvious the other way. He does say it's obvious in the other way. But the problem with his position is that Walker explicitly says if it's just as likely as not that the residual clause led to the enhancement or another provision, then the defendant has not met his burden. And at best, that's what the defendant can show here. At best, he can show that maybe the residual clause was used. And that's not what the burden is. He has to show that the classification is an armed career criminal under Walker. And he can't do that where burglary is enumerated. And he can't do that where burglary has been repeatedly held or treated as generic burglary under Minnesota law. If there are no further questions on the 2255-H2 issue, I would like to turn briefly to the concurrent sentence rule. The defendant repeatedly throughout his briefing accuses the government of shirking its obligation of carrying its burden. The government does not believe the burden is on the government in the context of a collateral proceeding to show that there are no collateral consequences that would flow from application of the concurrent sentence rule. There's no case in the circuit that places that burden on the government in the context of collateral review. It makes sense on direct review that the government would carry this burden to the extent that the rule even applies on direct review. But the party benefiting from the burden on direct review always bears the burden of proving harmless error. But in the context of collateral review, the defendant bears the burden of proving he's entitled to be released. He cannot show he's entitled to be released when he's serving unchallenged, lawful, concurrent sentences. And for all the reasons the court explained... Now, counsel, the only thing that's really always bothered me about this case is you say that these sentences were said originally to be consecutive, right? They were consecutive life, correct? Two of the counts were. Right. And yet you argue the concurrent sentence doctrine applies. That's always bothered me. Well, as the district court found, practically speaking, they're concurrent because a person only has one life. So they can only serve one life sentence, regardless of whether they have one or five. But the district court didn't say concurrent life sentences. No, but the district court did drop a footnote and say that technically they're consecutive. No, I mean Judge Rosenbaum way back there. Way back there, Judge Rosenbaum said consecutive, right? Yes, absolutely. The life sentence for the Armed Career Criminal Act and the 20-year sentence for robbery are concurrent. Both of those run consecutive to the sentence for murder. Proceed. There's just not a good answer on that, huh? On the textual problem, just the looking at it problem? It's a pragmatic approach. Because a person only does have one life. So whether or not you're serving one or a hundred, those life sentences, by nature of life, have to run concurrent. But that could be concurrent life sentences, right? There is such a thing as a concurrent life sentence. But that's not this case. This case had consecutive life sentences, right? Correct. So even without the Defendant's Armed Career Criminal Act sentence, he's still sentenced to life plus 20 years. So he would realize no benefit from a reduction of his Armed Career Criminal Act sentence. That answers the question I was going to ask. Is there any realistic possibility that Oslin could end up with less than what he has in terms of serving a life sentence? Absolutely not. Life is life. The Defendant claims, first of all, it is his burden. The only thing he mentioned in the District Court was this sentence. The current sentence doctrine requires a realistic probability of adverse collateral consequences. It's forward-looking. It's not backward-looking. It doesn't look at what I would have been sentenced to. The sentencing package... I'm sorry, I didn't mean to interrupt you. Can you respond to your opponent's argument about during the Obama administration, what, 500 or 5,000 sentences were reduced or granted executive clemency or something? Drug sentencing convictions, not convictions for shooting an armored car guard in the head at point-blank range. There is no realistic probability. The facts are about as bad as they can get in terms of the Defendant's conduct. Maybe he had other redeeming... Is there any chance that they had any redeeming qualities that would possibly permit a commutation under... Absolutely not. He shot an armored car guard in the head at point-blank range in the middle of the day and stole his bag of money. That money was gone within months. In other words, it does more than strain credulity. It defies credulity to think he would be... Any possibility of a lesser sentence? It does. It absolutely does. What about the conditions of confinement? Your Honor, if you'll indulge me for a moment, I will go outside the record. Because it is the Defendant's burden, and he did not raise this in front of the District Court, so the government was not able to respond. I did reach out to a BOP attorney to ask about that, and she indicated to me that the Defendant is incorrect. There is a statute or a policy that assigns the 540-month equivalent term to a life sentence, but that statute is the general provision, which is trumped by a separate provision that automatically assigns people with life sentences to high security classification. The life sentence assigns them high security classification, and they would have to get a waiver from the BOP to get out from under that. So it's unrelated to this 540-month term that the Defendant's relying on. If there's such a policy in writing, you should put it in a 28-J, since you mentioned it over an argument. Absolutely, Your Honor. One final note I'd like to make quickly is I would like to make it clear to the Court, our position, that the sentencing package doctrine in this case is really not even in play. The concurrent sentence doctrine is a doctrine that allows the Court discretion whether or not to has decided to grant some sort of relief that the sentencing package rule comes into play. After the District Court has decided, I'm going to address the merits, at that point, the District Court can say, what should I do? Should I re-sentence just on the illegal sentence and leave the other sentences intact, and that's what this Court approved of and right? Or should I vacate all the sentences and do a more fulsome? It's a fulsome comprehensive sentencing hearing. It's not until after relief is granted that the sentencing package cases come into play. Prior to that, when the District Court is determining, should I even get to the merits, that's when the concurrent sentence doctrine comes into play. That is forward-looking and not backward-looking. Thank you, Your Honor. Mr. Richmond, you may proceed. Thank you, Your Honor. The Court asked Ms. Kirkpatrick if there was any possibility of Mr. Oslund receiving a benefit. Judge Thunheim addressed that issue and made a determination that there was a fair chance and a reasonable possibility that if he had not been sentenced as an armed career criminal, he would have received a lower sentence. That is not simply backward-looking. It is forward-looking because it is also looking at what would happen if this Court vacated the sentence as to the illegal sentence on the armed career criminal statute. The government's argument, its threshold argument about 2255H2 depends on the assumption that Judge Thunheim's argument is that the court would not be able to misapply the Taylor decision. The Taylor decision is from 1990. That was part of the legal environment in 2004. The government's argument, burglary was burglary. Well, burglary was never burglary once Taylor was decided. Taylor made clear that burglary is only generic burglary, illegally entering a building with the intent to do so. But what I can say is that in MacArthur, the government argued the 8th Circuit has already decided that burglary is an enumerated offense. And this Court said, no, we haven't. And they distinguished Constantine because it was decided under an earlier version of the burglary statute and Sazella, which was really relying on residual clause cases. MacArthur was a panel decision. If DeRue, in fact, decided that burglary was burglary, then MacArthur would have been bound by it. So this idea that the government keeps flouting that, oh, everyone always knew that burglary was an enumerated offense was completely rejected by the court in MacArthur, which said, we have never decided this issue. And in fact, burglary is not burglary. Minnesota burglary is too broad for the generic offense. Mr. Oslund was charged with entering a building and committing a crime therein. It was not a generic burglary. He was never charged with an intent to commit a crime at the time he entered. He did not plead guilty to that. This is not a Mathis issue. Mathis is irrelevant to this case. And had the District Court in 2004 done the Taylor analysis, it could not have determined that the enumerated offense clause applies. And this Court should not, at the government's invitation, simply presume that Chief Judge Rosenbaum ignored Taylor. That is insulting to him and is not an appropriate suggestion. The law at the time was clear that burglary was a residual offense clause, not an enumerated offense clause. And on that basis, we asked the Court to reverse, we asked this Court to reverse the decision of the District Court and either remand with instructions to do the analysis under Walker or to re-sentence on all three counts. Thank you. This has nothing to do with this case, but do you think we will ever be done with the Taylor, Walker, Mathis? No, I'm being serious. I make my living on that. I understand that, and I'm glad that... There's a whole new line of cases that were just argued, Justice Kavanaugh's first day of argument, were all ACCA cases. So I don't think we will ever be done. I think members of that Court, Justice Alito, among others, expressed their deep, not chagrin, but their concern about what they've done, what they've wrought. Well, and as defense counsel, trying to explain to my clients that you are either looking at 15 years to life or you're looking at zero to 10, and no one can really say for sure is not a comfortable position to be in. We can appreciate that. That's the other side of this case, or all of these cases. Thank you, Your Honor. Thank you. That completes our argument calendar for this morning. So the Court will be on recess until 8.30 tomorrow morning.